# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SUPASTAR WARE, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:25-cv-01262-SEP |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Supastar Ware's application to proceed in district court without prepayment of fees and costs. Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court denies the application. Plaintiff must pay the full filing fee to maintain this action.

## 28 U.S.C. § 1915(g)

Plaintiff, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Commonly known as the "three strikes" rule, Section 1915(g) has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Three civil actions brought by Plaintiff have been dismissed as frivolous or malicious, or for failure to state a claim. *See, e.g.*, *Ware v. Foley, et al.*, No. 4:25-cv-383-JAR (E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr., et al.*, No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *Ware v. Centurion Health Care*, No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025).[1] Therefore, the Court cannot permit Plaintiff to proceed *in forma pauperis* absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] In *Ware v. MDOC*, 4:24-cv-934-ACL, the Court found the suit subject to dismissal "[b]ecause plaintiff is missing an essential element of a § 1983 action." *Id.*, Doc. [15] at 6. The Court also held in the

## THE COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 against the Missouri Department of Corrections and more than 39 correctional officers at Eastern Reception, Diagnostic and Correctional Center. In a 31-page handwritten complaint, Plaintiff alleges 55 separate claims, the majority of which involve staff violating the MDOC staff conduct manual or the food services manual: e.g., improper uniforms, unsanitary food handling, an improper cell search, delayed meals, delayed delivery of legal mail, and correctional officers leaving trash in the day room. Doc. [1] at 3, 11-23. On behalf of other inmates, Plaintiff alleges staff violated the conduct manual in their use of pepper spray and withholding medications. In later filings, Plaintiff adds less plausible claims, including a request to report and remove an "antagonistic" device implanted by the CIA. *See* Docs. [7], [7-2]-[7-3].

Plaintiff claims to suffer from severe depression, anxiety, PTSD, nightmares, mood swings, weight loss, and fear of correctional staff, and seeks various forms of relief: $19,000 from Centurion Healthcare; termination of all MDOC staff immediately; MDOC staff's pensions, assets, CDs, stocks, bonds, savings, inheritances, titles, and deeds; monetary damages for other inmates affected by improper food service. *See* Doc. [1] at 25. In a separate document, Plaintiff requests a lifetime residence in a 5-star hotel with room service, custom closets, private armored vehicles, and open accounts at various high-end retailers. *See* Doc. [1-1].[2]

## DISCUSSION

Plaintiff has not alleged imminent danger of serious physical injury. The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens

---

alternative that the claims were barred by sovereign immunity, *id.* at 6-7, but it rested its dismissal on the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), *id.* at 7-8. *Cf. Ellis v. Simmons*, 654 F. App'x 250, 251 (8th Cir. 2016) (unpublished per curiam) (dismissal based on immunity was not a strike where the orders did not reflect claims "were alternatively dismissed because they were frivolous or failed to state a claim"); *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1219-20 (8th Cir. 2014) (per curiam) (dismissal not a strike where court determined only that the named defendant was entitled to prosecutorial immunity and did not state action was frivolous or malicious or failed to state a claim). Of note, certain other circuit courts have held that, when an immunity defense is clear from the face of the complaint, dismissal for failure to state a claim because of judicial immunity qualifies as a strike. *See Holmes v. Marion Cnty Sheriff's Office*, 141 F.4th 818, 822-23 (7th Cir. 2025) (citing cases from the Third and Ninth Circuits).

[2] In an attachment, Plaintiff accuses several federal judges, including the undersigned, of "act[ing] neglectful, unethical, hateful, spitefully against LGTBQ+A." Doc. [1-1] at 2. The judges allegedly failed to report a CIA device implanted in Plaintiff and acted collectively with the Clerk of Court. *See* Docs. [1-1] at 2 and [1-3]. None of the conclusory allegations is supported by any facts. The Court finds them "clearly baseless" and frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see, e.g., McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (plaintiff faced imminent danger where infection spreading in his mouth required five tooth extractions and he needed two more extractions that were being unconstitutionally delayed).  Here, Plaintiff alleges correctional staff are not following food service and staff conduct rules.  None of the alleged violations places Plaintiff in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Because Plaintiff's complaint does not fall within the exception to § 1915(g), the Court will deny the application to proceed in district court without prepayment of fees and costs. Unless Plaintiff pays the $405 filing fee within thirty (30) days of the date of this Order, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs, Doc. [6], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the statutory filing fee within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that, if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 12th day of September, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE